UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CR-60032

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

GREGG WALLICK,

    *Defendant.*
_____/

## PLEA AGREEMENT

The United States of America, by and through the United States Department of Justice's Antitrust Division and the United States Attorney's Office for the Southern District of Florida (hereinafter referred to as the "United States"), and GREGG WALLICK ("Defendant") enter into the following agreement:

1.    Defendant agrees to plead guilty to Count One of the Information, which charges Defendant with conspiring to suppress and eliminate competition by rigging bids, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

2.    Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (the "Sentencing Guidelines"). Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation

will commence after the guilty plea has been entered. Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that Defendant may not withdraw the plea solely as a result of the sentence imposed.

3. Defendant also understands and acknowledges that the Court may impose a statutory maximum sentence, including a term of imprisonment of up to 10 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $1,000,000 and may order restitution.

4. Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 2 and 3 of this agreement, the Court will impose a special assessment of $100. Defendant agrees that any special assessment

imposed shall be paid at the time of sentencing. If Defendant is financially unable to pay the special assessment, Defendant agrees to present evidence to the United States and the Court at the time of sentencing as to the reasons for Defendant's failure to pay.

5. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning Defendant and Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the Court reduce by 2 levels the sentencing-guideline level applicable to Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing Defendant's offense level is determined to be 16 or greater, the United States will file a motion requesting an additional 1-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that Defendant has assisted authorities in the investigation or prosecution of Defendant's own misconduct by timely notifying authorities of Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and

3

permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this motion and this recommendation if Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The United States and Defendant agree to jointly recommend that the only Sentencing Guidelines enhancements applicable to Defendant's charged conduct are as follows:

   a. Non-Competitive Bidding (USSG §2R1.1(b)(1));

   b. Volume of Commerce More Than $1,000,000 but less than $10,000,000 (USSG §2R1.1(b)(2)); and

   c. Aggravating Role (USSG §3B1.1(c)).

8. Defendant is aware that the sentence has not yet been determined by the Court. Defendant also is aware that any estimate of the probable sentencing range or sentence that Defendant may receive, whether that estimate comes from Defendant's attorney, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office or the Court.

Defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. Defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by Defendant, the United States, or a recommendation made jointly by Defendant and the United States.

9. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals Defendant's sentence pursuant

to Sections 3742(b) and 1291, Defendant shall be released from the above waiver of his right to appeal his sentence.

10. Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute to which Defendant is pleading guilty is unconstitutional, and/or (2) the admitted conduct does not fall within the scope of the statute of conviction.

11. To enable the Court to have the benefit of all relevant sentencing information, the United States may request, and Defendant will not oppose, that sentencing be postponed.

12. Defendant understands that this agreement is limited to the United States Department of Justice, Antitrust Division, and the United States Attorney's Office for the Southern District of Florida and cannot bind other federal, state, or local prosecuting attorneys, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

13. Defendant understands that he may be subject to suspension, debarment, or licensing-related disciplinary actions by state attorneys general, state or federal agencies, administrative bodies, or courts, other than the United States Department of Justice, Antitrust Division, and the United States Attorney's Office for the Southern District of Florida, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls what action, if any,

other agencies may take. Defendant nevertheless affirms that he wants to plead guilty regardless of any suspension or debarment consequences of his plea.

14.     By signing this agreement, Defendant acknowledges that Defendant has discussed the appeal waiver set forth in this agreement with Defendant's attorney. Defendant further agrees, together with the United States, to request that the Court enter a specific finding that Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

15.     Defendant understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement because of Defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, including the Factual Proffer associate with this Plea Agreement, may be used against him. In addition, Defendant unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

16.     Subject to the full, truthful, and continuing assistance of Defendant, in accord with USSG §3E1.1, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of sentence, the United States agrees that it will not bring further criminal charges against Defendant for any act or offense

7

related to or undertaken in furtherance of bid rigging, price fixing, or market allocation in the roofing industry throughout the state of Florida committed before the date of signature of this Plea Agreement. The non-prosecution terms of this paragraph do not apply to (a) any acts of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses, except for the conduct specified in the Factual Proffer appended to this Plea Agreement; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

17. This is the entire agreement and understanding between the United States and Defendant. There are no other agreements, promises, representations, or understandings.

                                                  Jason A. Reding Quiñones
                                                  United States Attorney
                                                  Southern District of Florida

                                                  Ryan D. Tansey
                                                  Chief
                                                  Washington Criminal Section, Antitrust Division
                                                  U.S. Department of Justice

Date: 2/5/2026      By: _____
                                                 Ronald P. Fiorillo II
                                                 Daniel A. Loveland, Jr.
                                                 Lara Trager
                                                 Washington Criminal Section, Antitrust Division
                                                 United States Department of Justice

Date: 2/4/2026    By: _____
                     Jesus M. Suarez
                     Lazaro P. Fields
                     Attorneys for Defendant

DATE: 2/4/2026    BY: _____
                     Gregg Wallick
                     Defendant

9