UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CR- 60032

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

GREGG WALLICK,

    *Defendant.*

_____/

## FACTUAL PROFFER

The United States of America and Defendant GREGG WALLICK ("Defendant") agree that, had this case gone to trial, the United States would have proven, beyond a reasonable doubt, the following facts, among others, which occurred in Broward County, in the Southern District of Florida and elsewhere:

Defendant has been in the roofing industry since graduating with a master's degree in business administration. He has formed and acquired multiple roofing companies over the course of his career. Defendant was most recently the president and chief executive officer of Company 1, a roofing company headquartered in Fort Lauderdale, Florida.

From at least in or around September 2020 through at least in or around February 2022, Defendant and other employees within Company 1 conspired with employees and agents within Company 2, a competing roofing company to rig bids on numerous commercial roofing projects, including at least three projects in the

Southern District of Florida that resulted in monetary awards to Company 1 totaling more than $1,000,000 but less than $10,000,000.

In furtherance of the conspiracy, Defendant and his co-conspirators:

a. engaged in conversations and communications with employees and executives of Company 2 and others regarding which commercial roofing contracts each company wanted to win and agreed to rig bids for commercial roofing contracts in each other's favor;

b. agreed which company would submit an intentionally higher, losing bid;

c. acted by having the agreed-upon co-conspirator solicit an intentionally higher, non-competitive bid from the agreed-upon losing co-conspirator;

d. acted by having the agreed-upon co-conspirator provide the agreed-upon losing co-conspirator with the price they intended to bid, and the agreed-upon losing co-conspirator used that information to craft a higher-priced, non-competitive bid;

e. submitted rigged bids to customers;

f. were awarded contracts and received payments for commercial roofing services where rigged bids were submitted;

g. used records and documents necessary for the sale and provision of such services, as well as payments for those services, with said records and documents and payments having traveled in and affected interstate commerce; and

h. relied upon goods in order to provide roofing services, with said goods and services existing within, flowing through, and affecting interstate commerce.

This type of bid rigging conspiracy is commonly referred to as a "complementary bidding" or "comp bidding" scheme. Defendant and his co-conspirators regularly used the term "comp bid" during the course of the conspiracy, at which time Defendant understood the term to mean corrupting the competitive bidding process by colluding with an ostensible competitor to provide customers with artificially high bids.

Defendant and the United States agree that the aforementioned facts satisfy the elements of Count One of the Information.

DATE: 2/5/2026   BY: _____
Ronald P. Fiorillo II
Daniel A. Loveland, Jr.
Lara E.V. Trager
United States Department of Justice
Antitrust Division
Washington Criminal Section

DATE: 2/4/2026   BY: _____
Jesus M. Suarez
Lazaro P. Fields
Attorneys for Defendant

DATE: 2/4/2026   BY: _____
Gregg Wallick
Defendant

3